USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
   MICHAEL MEGGINSON,

                                 Plaintiff,

                     -v -

   CITY OF NEW YORK, et al.,

                                Defendants.
---------------------------------------------------------------- X

1:18-cv-5808-GHW

ORDER

GREGORY H. WOODS, District Judge:

As discussed during the November 20, 2019 telephone conference, Defendants' motion for summary judgment is due by December 18, 2019; Plaintiff's opposition is due January 29, 2020; and Defendants' reply, if any, is due February 12, 2020.

The Court is also appending information about and an application for *pro bono* counsel to this order. As stated on the record during the November 20, 2019 conference, the Court is not taking a position on the merits of such an application, but is instead merely providing a copy of this material to Plaintiff as it may not be otherwise readily available.

Finally, the Court is also providing Plaintiff with a copy of excerpts from the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York pertaining to summary judgment motions. The Court is providing this as it may not be readily available in the law library where Plaintiff is incarcerated. But Plaintiff should refer to Federal Rule of Civil Procedure 56 itself, and any cases or other resources describing the summary judgment process.

The Clerk of Court is directed to mail a copy of this order and its attachments to Plaintiff by first class and certified mail.

SO ORDERED.

Dated: November 20, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge

PRO SE OFFICE
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 230
NEW YORK, NEW YORK 10007

**Ruby J. Krajick**
CLERK OF COURT

**INFORMATION REGARDING *PRO BONO* (VOLUNTEER) COUNSEL**

The Sixth Amendment of the United States Constitution guarantees free legal representation only to persons who have been charged with a crime. The Sixth Amendment guarantee, however, does not extend to persons involved in civil cases. If you are unable to obtain a lawyer to represent you in a civil case pending in federal district court, you may submit an application to the Court to request that a volunteer lawyer represent you for free. Lawyers who volunteer to represent *pro se* litigants without charging fees are called *pro bono* lawyers. *Pro bono* means "for the public good." The *Pro Se* Office is responsible for managing the group of lawyers who volunteer to represent *pro se* litigants in the Southern District of New York for free. This group is known as the *Pro Bono* Panel.

## When to Apply for *Pro Bono* Counsel

A *pro se* litigant may ask the Court for *pro bono* counsel at any time. The application for counsel may be submitted with the initial complaint at the beginning of the case, immediately before trial or anytime in between. Applications submitted with the initial complaint, however, may be denied without prejudice to filing a new application once the case proceeds a little further – for instance, after the defendants are served with the summons and complaint and have either answered the complaint or moved to dismiss the action.

## How to Apply for *Pro Bono* Counsel

To apply for *pro bono* counsel, you must complete an Application for the Court to Request Counsel. If you paid the filing fee for your case or your financial status has changed since you were granted *In Forma Pauperis* status, you must also submit a new Request to Proceed *In Forma Pauperis*. If your defendants have already been served with the summons and complaint, you must send them a copy of your Application for the Court to Request Counsel and, if appropriate, the supporting Request to Proceed *In Forma Pauperis* before filing your papers with an accompanying Affirmation of Service with the *Pro Se* Office. If you are a defendant, you must mail a copy of your papers to the plaintiff or his/her lawyer before filing your papers with an accompanying Affirmation of Service with the *Pro Se* Office.

Inmates who have filed a Petition for a Writ of *Habeas Corpus* and who seek free counsel should complete and file the Application for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(g) (*habeas corpus* petition). In such cases, the Criminal Justice Act permits the Court to appoint free counsel for indigent *habeas corpus* petitioners. Such appointments are made from the Criminal Justice Act Panel of this Court, not the *Pro Bono* Panel.

**The Decision to Grant or Deny Counsel**

The decision to grant or deny counsel is within the judge's discretion. Factors that the judge may consider when reviewing an application are the complexity of the issues and facts in the case, the type and extent of discovery involved in the case, the complexity of the motions filed in the case, the ability of the litigant to represent himself/herself, the education of the litigant, the ability for the litigant to communicate in English, and the efforts that the litigant has made to obtain a lawyer. If the judge denies your Application without prejudice to renewal, you may file a new application for the Court to Request Counsel at a later date. You should read the judge's decision carefully as it may provide some guidance as to why the application was denied and what circumstances must change before a new application may be granted. If your Application is granted you should notify the *Pro Se* Office immediately.

**What happens when an Application for the Court to Request Counsel is granted?**

If the Court grants your Application, you should contact the *Pro Se* Office immediately. The *Pro Se* Office will then attempt to find a lawyer to volunteer to represent you. The *Pro Se* Office cannot assign a case to a lawyer or require a lawyer to take a case. *Pro bono* lawyers take cases on a strictly volunteer basis once an Application is granted. Therefore, even when an Application is granted, there is no guarantee that a lawyer will take your case.

The process for finding a *pro bono* lawyer is often lengthy. Lawyers reviewing your case may choose to contact you to interview you or to discuss your case or they may choose to accept your case without first communicating with you. If a lawyer decides to take your case, you will be notified by mail and the lawyer will file a Notice of Appearance with the Court. The lawyer may ask you to sign a retainer agreement that will set forth the terms and limits of the representation. Unless and until a lawyer volunteers to represent you, or if no lawyer volunteers to represent you, you are responsible for handling your litigation. If you fail to prosecute your case while the *Pro Se* Office is attempting to locate a lawyer for you, the judge may dismiss your case.

You have the right to withdraw your Application for the Court to Request Counsel and to continue to proceed *pro se* at any time. If you choose to do so, you must make the request to the judge by writing a letter to Court. Remember to send a copy of the letter to the other parties first and attach a completed Affirmation of Service to the letter you send to the *Pro Se* Office. Upon receipt, the *Pro Se* Office will forward the letter to the judge. If the judge grants your request, your case will be removed from consideration by the *Pro Bono* Panel and you will proceed *pro se*.

**Can *pro bono* lawyers get attorneys fees and costs?**

Many civil rights laws permit a lawyer to file an application to the Court for an attorneys' fee award if the litigant won the case. If granted, the lawyer will receive fees directly from the losing party. Such an award can also include out-of-pocket costs incurred by the lawyer who represented your case, such as expenses for depositions or trial transcripts. In addition, a *pro bono* lawyer may make an application to the Court -- regardless of who won the case and regardless of the law governing the case -- to have limited out-of-pocket costs reimbursed by a Court fund. You should always speak with your *pro bono* lawyer about expectations concerning the lawyer's fees and expenses and you should sign a retainer agreement that sets forth these expectations in writing.

**Who is on the Court's *Pro Bono* Panel and why do the lawyers work for free?**

The Court's *Pro Bono* Panel is made up of lawyers primarily from large and small law firms. The Panel also includes solo practitioners and not-for-profit organizations, as well as a few local law school clinics, which are supervised by lawyers with extensive federal court experience. The *Pro Se* Office is not authorized to provide the identity of any member of the Panel or any information about the lawyers reviewing your case.

Under the ethical rules that lawyers must follow, lawyers are encouraged to perform free legal services for those who are unable to afford it. Lawyers are not required to do *pro bono* work, but most lawyers see a great need for *pro bono* work and take their responsibility seriously. Many bar associations and law firms now encourage *pro bono* work by setting policies and providing support to lawyers who take *pro bono* cases.

**Important Reminders**

Your answers to the questions on the Application for the Court to Request Counsel and the supporting Request to Proceed *In Forma Pauperis* must be truthful. There may be penalties for making false statements, including dismissal of your case.

You are responsible for handling your case unless and until a lawyer volunteers to represent you. You must continue to proceed *pro se* during the time your Application is pending before the Court and, if your Application is granted, during the time the *Pro Se* Office is attempting to locate a *pro bono* lawyer for you. For instance, you must have the defendants served with the summons and complaint and you must follow any schedules or appear at any court proceedings during this time.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

Application for the Court to Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☐ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

_____

_____

_____

_____

Rev. 3/27/14

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_____

_____

_____

_____

_____

_____

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: _____.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

_____  _____
Date                             Signature

_____  _____
Name (Last, First, MI)           Prison Identification # (if incarcerated)

_____  _____
Address            City           State      Zip Code

_____  _____
Telephone Number                 E-mail Address (if available)

# Local Rules of the
# United States District Courts for the
# Southern and Eastern Districts of New York

Effective October 29, 2018

with amendments to S.D.N.Y. Rule for Division of Business 19

<u>Adopted</u> by the Board of Judges of the
Eastern District of New York and the
Southern District of New York
<u>Approved</u> by the Judicial Council of the Second Circuit

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

### COMMITTEE NOTE

The requirement embodied in Local Civil Rule 56.1 is firmly rooted in the local practice of the Southern and Eastern Districts, and the Committee recommends its retention. The language of Local Civil Rule 56.1 was revised in 2004 to make clear that any statement pursuant to Local Civil Rule 56.1 must be divided into brief, numbered paragraphs, that any opposing statement must respond specifically and separately to each numbered paragraph in the statement, and that all such paragraphs in both statements and opposing statements must be supported by citations to specific evidence of the kind required by Fed. R. Civ. P. 56(c). The Committee believes that the language adopted in 2004 sets forth these requirements clearly, and does not recommend any changes in that language.

**Local Civil Rule 56.2. Notice to Pro Se Litigant Who Opposes a Summary Judgment**

Any represented party moving for summary judgment against a party proceeding *pro se* shall

serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

### Notice To Pro Se Litigant
### Who Opposes a Motion For Summary Judgment

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the Court may accept defendant's

facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

**COMMITTEE NOTE**

Local Civil Rule 56.2 plays a valuable role in alerting <u>pro se</u> litigants to the potentially serious consequences of a motion for summary judgment, and to the requirements for opposing such a motion. The Committee recommends certain changes in the text of the notice required by the rule in order to make it more understandable to non-lawyers.

**Local Civil Rule 58.1.    Remand by an Appellate Court**

Any mandate, order, or judgment of an appellate court, when filed in the office of the Clerk of the District Court, shall automatically become the order or judgment of the District Court and be entered as such by the Clerk without further order, except if such mandate, order, or judgment of the appellate court requires further proceedings in the District Court other than a new trial, an order shall be entered making the order or judgment of the appellate court the order or judgment of the District Court.

**COMMITTEE NOTE**

The Committee recommends that the word "mandate" be added to Local Civil Rule 58.1 in order to clarify that the mandate of the Court of Appeals, when filed in the Clerk's Office of the District Court as provided in Local Civil Rule 58.1, automatically becomes the judgment of the District Court. The mandate, which consists of "a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs," Fed. R. App. P. 41(a), is the normal means by which the judgment of the Court of Appeals is transmitted to the District Court.

**Local Civil Rule 65.1.1.    Sureties**

(a)  Whenever a bond, undertaking or stipulation is required, it shall be sufficient, except as otherwise prescribed by law, if the instrument is executed by the surety or sureties only.

(b)  Except as otherwise provided by law, every bond, undertaking or stipulation must be secured by:   (1) the deposit of cash or government bonds in the amount of the bond, undertaking or