USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
   MICHAEL MEGGINSON,

                                 Plaintiff,

                  -v -

   CITY OF NEW YORK, et al.,

                              Defendants.
---------------------------------------------------------------- X

1:18-cv-5808-GHW

<u>ORDER</u>

GREGORY H. WOODS, District Judge:

      The Court held a telephone conference in this case on November 20, 2019. During this conference, the Court set a briefing schedule for Defendant's anticipated motion for summary judgment and mailed Plaintiff a copy of excerpts from the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York pertaining to summary judgment motions. Dkt. No. 48. The Court provided this material to Plaintiff as it may not be readily available in the law library where Plaintiff is incarcerated, but noted that Plaintiff should refer to Federal Rule of Civil Procedure 56 itself, and any cases or other resources describing the summary judgment process. Dkt. No. 48.

      On November 27, 2019, Plaintiff filed a letter in 1:18-cv-7206-GHW. The letter referenced Defendant Molina, and the Court therefore understood that Plaintiff's letter was intended as an application in this case and docketed it here. Dkt No. 52.

      In the November 27, 2019 letter, Plaintiff moved for summary judgment against Defendants and additionally moved to compel production. Plaintiff also moved on December 4, 2019 to oppose Defendants' motion for summary judgment, which has not yet been filed, and again

requested the production of certain records and documents.  Dkt. No. 50.  Plaintiff also asked the Court when he would be assigned counsel.

The Court addresses each request in turn.

I. **SUMMARY JUDGMENT**

A moving party is entitled to summary judgment if it can "show[ ] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (*quoting* former Fed. R. Civ. P. 56(c))).  A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (*citing Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

Because he is proceeding *pro se*, the Court must liberally construe Mr. Megginson's submissions and interpret them "to raise the strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))).  "It is well established that a

2

court is ordinarily obligated to afford a special solicitude to *pro se* litigants," *Tracy v. Freshwater,* 623 F.3d 90, 101 (2d Cir.2010), "particularly where motions for summary judgment are concerned," *Jackson v. Fed. Express,* 766 F.3d 189, 195 (2d Cir.2014); *accord Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Even construed liberally, Mr. Megginson's motion does not provide the Court with the basis to find for him on summary judgment. A moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). But Mr. Megginson's motion is three sentences long, only two of which pertain to summary judgment: "1. The deffendant [sic] Roberta Molina cause me injury. 2. The video shows her spraying multiable [sic] times." Dkt. No. 52. Neither of these sentences show that there is no genuine dispute as to any material fact in this case, nor do they show that Mr. Megginson is entitled to judgment as a matter of law.

Even assuming Mr. Megginson's facts are indeed undisputed, the fact that Defendant Molina sprayed him with a whole can of OC gas is insufficient to establish that her conduct was unreasonable. "The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's 'reasonableness' standard." *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (internal quotation marks omitted). To determine whether the force used in a given arrest is reasonable, courts pay "careful attention to the facts and circumstances of each particular case," and judge the "reasonableness" of the use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham v. Connor*, 490 U.S. at 396). It is "well established that law enforcement officers violate the

3

Fourth Amendment if the amount of force they use is 'objectively unreasonable' in light of the facts and circumstances confronting them." *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015) (internal quotation marks and citation omitted). There are simply not enough facts before the Court to evaluate the reasonableness of Defendant Molina's conduct.

Mr. Megginson's motion for summary judgment is therefore denied. Mr. Megginson's letter opposing summary judgment is, however, premature, and will not be considered by the Court at this time. Mr. Megginson is reminded that according to the Court's November 20, 2019 briefing schedule, Defendants must file any motion for summary judgment by December 18, 2019, and he must file any opposition by January 29, 2020.

## II. COMPEL PRODUCTION

The Court construes the final sentence of Mr. Megginson's November 27, 2019 motion as a motion to compel production of a "photo copy of the o/c [sic] cannister" as well as information about "how many burst [sic] was [sic] used" by the officer. Dkt. No. 52. During the November 20, 2019 conference, Mr. Megginson asserted that he had requested this information during discovery, but never received it. During that conference, Defendants agreed to search for this information, but could not affirm whether or not any physical evidence still existed, and counsel noted that she had not issued a litigation hold.

Mr. Megginson reaffirmed his interest in receiving all requested discovery in his December 4, 2019 letter. Dkt. No. 50. Defendants responded that they had "already mailed a courtesy copy of the discovery plaintiff requested—the complete Use of Force Investigation containing all reports relating to the alleged incident—on November 25, 2019." Dkt. No. 51.

A motion to compel production under Federal Rule of Civil Procedure 37 must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Although

4

Plaintiff's motion does not include such a certification, the Court understands that Defendants committed on the record during the November 20, 2019 conference to produce whatever outstanding discovery was owed to him.

The Court therefore directs Defendants to produce a photocopy of the OC gas canister, information about how many bursts of gas were used, and any other information Plaintiff requested during that November 20, 2019 conference to Plaintiff no later than December 31, 2019, and file proof of service no later than January 10, 2020. If any information is not available—such as a photograph of the OC gas canister—Defendants should explain why in a letter to the Court.

### III. ASSIGNMENT OF COUNSEL

After the November 20, 2019 conference, the Court provided information about and an application for *pro bono* counsel to Mr. Megginson. A district judge has "broad discretion in deciding whether to appoint counsel." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). "But that does not mean that a court can do whatever it pleases. A court must exercise its discretion in accordance with sound legal principles, and its decision is subject to review for abuse of that discretion." *Id.*

As stated on the record during that conference, the Court did not take a position on the merits of such an application. To the extent that Mr. Megginson's letter asking about the status of his counsel's assignment can be interpreted as an application for counsel, it is denied without prejudice. Mr. Megginson should review the materials provided to him by the Court and submit all necessary information so that the Court can properly determine whether it can appoint Mr. Megginson counsel at this stage in the proceedings.

### IV. CONCLUSION

For those reasons, Plaintiff's motion for summary judgment is denied, Plaintiff's motion to compel production is granted, and Plaintiff's application for counsel is denied without prejudice to renewal at a later date.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff by first class and certified mail.

SO ORDERED.

Dated: December 17, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge