USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
  MICHAEL MEGGINSON,

                                Plaintiff,

                     -v -

  CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------- X

1:18-cv-5808-GHW

ORDER DENYING REQUEST
FOR PRO BONO COUNSEL

GREGORY H. WOODS, District Judge:

      Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied.

**LEGAL STANDARD**

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61 . If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated July 12, 2018, ECF No. 5.) When Plaintiff filed his Application for the Court to Request Counsel, however, Plaintiff affirmed that he had not previously filed an IFP application in this case and would be attaching an original IFP application. (*See* Application for the Court to Request Counsel, ECF No. 53.) Plaintiff did not attach such an application, and ther Court cannot therefore determine whether his financial status has changed in the interim.

In the complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that, while opening up a pantry, Corrections Officer Roberta Molina "didn't like what" Plaintiff said to him and sprayed him with OC gas, leaving him with partial vision loss in his left eye and causing an asthma

2

attack. (Complaint, ECF No. 2.) Defendants moved for summary judgment on several grounds, asserting that the evidence establishes (i) that Officer Molina's use of OC spray was objectively reasonable, (ii) Plaintiff's purported injuries do not rise to the level of a constitutional violation, and (iii) that Officer Molina is entitled to qualified immunity.

Having reviewed the evidence presented in Defendants' motion for summary judgment, specifically the video evidence, the Court does not find that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62; *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the [video] record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. Although Plaintiff asserts that he has contacted one law firm for assistance with his representation, it is not apparent that he will require counsel at this point to investigate crucial facts. And the legal issues involved in this case are not sufficiently complex to require the appointment of counsel. Thus, even if the Court could ascertain that Plaintiff's indigent status had not changed, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at docket number 53. The Clerk of Court is further directed to mail a copy of this order to Plaintiff by first class and certified mail.

SO ORDERED.

Dated: January 12, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge